UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-05389-CAS (JPRx) | Date | September 15, 2022 |
| Title | SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS V. CORPUS, LLC | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Iris Kokish Bradstreet          Not Present

**Proceedings:**     MOTION FOR ORDER CONFIRMING ABRITRATION AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH (Dkt. 1, filed on AUGUST 3, 2022)

## I.   INTRODUCTION

On August 3, 2022, Cox the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA") filed a petition to confirm and enforce a final arbitration award against Corpus, LLC. ("Corpus"). Dkt. 1 ("Mot.") at 1. Additionally, SAG-AFTRA seeks reasonable attorneys' fees for the fees and costs associated with bringing this motion.

To date, Corpus has neither appeared nor responded to SAG-AFTRA's motion.

On September 12, 2022, the Court held a hearing on SAG-AFTRA's motion to confirm the arbitration award, at which only counsel for SAG-AFTRA appeared. Having carefully considered SAG-AFTRA's arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

SAG-AFTRA is the successor-in-interest to the Screen Actors Guild, Inc. ("SAG"), which initially executed the agreements in dispute. It is a union representing media artists who work in motion pictures, television, radio, the internet, and other media formats. Mot. at 4. Corpus is a limited liability company that executed a series of agreements with SAG to produce a motion picture entitled The King. Id. In particular, Corpus executed the 2001 SAG Theatrical Adherence Letter ("TAL") dated July 20,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05389-CAS (JPRx) | Date | September 15, 2022 |
|---|---|---|---|
| Title | SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS V. CORPUS, LLC | | |

2004 and a Letter Agreement for Low-Budget Theatrical Pictures ("LBA") dated July 26, 2004, binding Corpus to the SAG Codified Basic Agreement for Independent Producers of 2001.  Id.

Corpus produced the film, using SAG-AFTRA actors and performers.  The agreements obligated Corpus to pay SAG-AFTRA members additional compensation known in the entertainment industry as "residuals," as well as pension and health contributions pursuant to the SAG Codified Basic Agreement.  In addition, because Corpus has not paid these residuals, late payment liquidated damages also became due under the SAG Codified Basic Agreement.  Id.

SAG-AFTRA alleges that Corpus failed to adhere to these obligations, and served a statement of claim and demand for arbitration on or about September 17, 2008.  Id. SAG-AFTRA noticed an arbitration hearing before Arbitrator Michael Rappaport on August 7, 2018.  Id. at 6.  Corpus failed to appear at the August 7, 2018 arbitration hearing.  Based on its non-appearance, a default was entered against it.

At the hearing, Arbitrator Rappaport issued an arbitration award in favor of SAG-AFTRA, concluding that Corpus is in breach of the SAG Codified Basic Agreement and ordering it to pay to SAG-AFTRA, for "ratable distribution to the performers appearing in the Picture, domestic and foreign residuals, late payment liquidated damages ('LPLD's'), pension and health contributions ('P&H'), and an estimate of employer-side taxes and payroll house expenses" in the total amount of $367,837.67.  Id.

The arbitration award was served by U.S. certified mail to Corpus on August 22, 2018, and SAG-AFTRA alleges in the instant motion that it has failed and continues to fail to comply with the arbitration award.  Id. at 7 (citing Dkt. 1-1, Ex. H) .

**III.   LEGAL STANDARD**

    **A.     Review of Arbitrator's Decision**

A court's task in reviewing a labor arbitration award has been described as providing a "nearly unparalleled degree of deference" to the arbitrator.  Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989).  The arbitrator's interpretation of the agreement must be upheld "as long as the arbitrator is even arguably construing or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05389-CAS (JPRx) | Date | September 15, 2022 |
|---|---|---|---|
| Title | SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS V. CORPUS, LLC | | |

applying the contract and acting within the scope of his authority." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987).  The same holds true even if the reviewing court "is convinced [the arbitrator] committed serious error." Id.

**IV.   DISCUSSION**

As stated above, Corpus has not made any appearance or opposition to deny this motion to confirm the arbitration award.  See L.R. 7-12 ("The failure to file any required document . . . may be deemed consent to the granting or denial of the motion . . .").  As such, and in accordance with the considerable deference the Court must afford to the arbitrator's decision, the Court grants SAG-AFTRA's motion to confirm the arbitration award.  See Barnes v. Logan, 122 F.3d 820, 821 (9th Cir. 1997) (holding that judicial review of an arbitrator's decision is limited and highly deferential).

Additionally, SAG-AFTRA seeks attorneys' fees in the amount of $2,400 and costs in the amount of $400 on the basis that attorneys' fees "may be recovered in an action brought under Section 301 of the [Labor Management Relations Act] where a party without justification refuses to abide by the arbitration award."  Mot. at 8–9 (citing Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc., 707 F.2d 425, 428 (9th Cir. 1983) (holding "that an unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons")); see also Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258–59 (1975) (a court may assess attorneys' fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons").

Here, the Court concludes that Corpus's unjustified refusal to abide by the arbitration award enables SAG-AFTRA to recover its modest attorneys' fees from Corpus.  Int'l Union, 707 F.2d at 429 ("The award set forth clear legal rights which the company refused to satisfy.  This refusal gave rise to the necessity to petition the district court for enforcement of that right with the attendant delay and expense.").

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-05389-CAS (JPRx) | Date | September 15, 2022 |
|----------|---------------------------|------|---------------------|
| Title | SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS V. CORPUS, LLC | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** SAG-AFTRA's motion to confirm the arbitration award, and awards attorneys' fees and costs in the amount of $2,800.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |